UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-03640-CAS-DFM | Date | July 7, 2026 |
| Title | Fernando Jimenez Sanchez v. J. Johnson | | |

Present: The Honorable          **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**          (IN CHAMBERS) – PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR IMMEDIATE STAY OF REMOVAL (Dkt. 7, filed on July 1, 2026)

## I.    INTRODUCTION

On July 1, 2026, Fernando Jimenez-Sanchez (A# 206-409-749) ("Petitioner") filed a petition for writ of habeas corpus by a person in immigration custody pursuant to 28 U.S.C. § 2241 against J. Johnson, Warden of Adelanto ICE Processing Center ("Respondent"). Dkt. 1 ("Pet."). The petition requests that the Court:

1. Issue a Temporary restraining order prohibiting Respondent from removing Petitioner from the United States.
2. Issue a stay of removal pending [Petitioner's] appeal.
3. Issue a writ of habeas corpus requiring Respondent to justify Petitioner's detention and proposed removal.
4. Require Respondent to bring Petitioner to a court hearing where his status can be determined by the court.
5. Order Respondent to maintain Petitioner within the jurisdiction of the United States and order his release on his own recognizance pending determination of his appeal rights.

Pet. at 11.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-03640-CAS-DFM | Date | July 7, 2026 |
|---|---|---|---|
| Title | Fernando Jimenez Sanchez v. J. Johnson | | |

On the same day, Petitioner filed the instant Motion for Temporary Restraining Order and Request for Immediate Stay of Removal. Dkt. 7 ("Mot.").[1]

On July 1, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule. Dkt. 11. On July 1, 2026, the Court also ordered Respondent to file a response to Petitioner's motion for a temporary restraining order and enjoined Respondent from removing Petitioner from the Central District of California until further order of Court. Dkt. 13.

On July 2, 2026, Respondent filed a response in opposition to Petitioner's motion. Dkt. 15 ("Opp.").[2]

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

On April 29, 2026, an immigration judge denied Petitioner's application for asylum and withholding of removal and ordered Petitioner's removal to Mexico. Pet. at 10; see also April 29, 2026 Removal Order.

Any appeal of the immigration judge's removal order to the Board of Immigration Appeals ("BIA") was due within thirty calendar days of service of the immigration judge's decision. See April 29, 2026 Removal Order at 10.

Petitioner timely filed a Notice of Appeal on May 29, 2026 as well as a fee waiver request. Pet. at 10; see Jimenez-Sanchez Decl. Ex. A, Ex. B; Kottke Decl. at 2.

On June 3, 2026, Petitioner received a notice of rejection of his appeal by BIA on the grounds that his fee waiver request was denied. Pet. at 10; see Jimenez-Sanchez Decl. Ex. C; June 3, 2026 BIA Rejection of Appeal. The notice of rejection stated that

---

[1] In support of the petition and motion, Petitioner filed a declaration, dkt. 4 ("Jimenez-Sanchez Decl."); a memorandum of points and authorities, dkt. 5 ("Memo."); and a declaration of counsel, dkt. 6 ("Kottke Decl.").

[2] Respondent attached the following exhibits to the response: dkt. 15-1 ("Redacted I-213"); dkt. 15-2 ("April 29, 2026 Removal Order"); dkt. 15-3 ("June 3, 2026 BIA Rejection of Appeal"); and dkt. 15-4 ("EOIR Automated Case Information, as of July 2, 2026").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 5:26-cv-03640-CAS-DFM | Date | July 7, 2026 |
|---|---|---|---|
| Title | Fernando Jimenez Sanchez v. J. Johnson | | |

Petitioner had fifteen days from the date of the notice to pay the filing fee and resubmit the Notice of Appeal. Id.

On June 12, 2026, Petitioner alleges that he paid the requested filing fee. Pet. at 10; Jimenez-Sancez Decl. ¶ 3, Ex. D. Petitioner further alleges that, through his attorney, he resubmitted his appeal by certified mail, which was received by BIA on June 13, 2026. Pet. at 10; Jimenez-Sanchez Decl. ¶ 4, Ex. E; Kottke Decl. at 2.

Petitioner alleges that he received no notice that his corrected appeal had been rejected. Jimenez-Sanchez Decl. ¶ 5.

Respondent contends that "No appeal was received for [Petitioner's] case." Opp. at 4 (citing EOIR Automated Case Information, as of July 2, 2026). Thus, according to Respondent, "Petitioner's removal order became administratively final on June 18, 2026, after the 15 days cure period had tolled following the June 3, 2026 BIA Rejection of Appeal." Opp. at 4.

On June 24, 2026, Petitioner was taken into custody by ICE. Jimenez-Sanchez Decl. ¶ 6; see also Redacted I-213. As of June 25, 2026, Petitioner was detained at Adelanto Detention Center and understood that he was slated for immediate removal. Id. ¶ 7.

According to Respondent, Petitioner was scheduled to be removed on July 2, 2026, but that removal has been postponed in light of the Court's orders at dkt. 11 and dkt. 13. Opp. at 1.

**III.    LEGAL STANDARD**

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-03640-CAS-DFM | Date | July 7, 2026 |
|----------|----------------------|------|--------------|
| Title | Fernando Jimenez Sanchez v. J. Johnson | | |

summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV.    DISCUSSION

### A.    Jurisdiction

Respondent argues that 8 U.S.C. § 1252(g) and 1252(b)(9) strip this Court of jurisdiction to issue temporary injunctive relief that delays or enjoins the government from enforcing the removal of a non-citizen to their home country pursuant to their final removal order. Opp. at 1. Respondent argues that a habeas petition cannot be misused to block imminent removal and that Petitioner's petition and application for a temporary restraining order requests relief from the district court that Section 1252(g) was precisely enacted to prohibit. Id. at 2. Respondent argues that Petitioner is lawfully detained for the purpose of effectuating an order of removal pursuant to 8 U.S.C. § 1231. Id. at 3. Respondent argues that the district court lacks jurisdiction to enjoin removal where Petitioner seeks to appeal his immigration proceedings but has not obtained a stay of removal from the BIA or Ninth Circuit. Id. at 4. Respondent argues that a noncitizen can only seek a reopening of immigration proceedings and a stay of removal from the BIA, and Petitioner may only seek review of the BIA's decisions at the Ninth Circuit. Id. at 5 (citing 8 U.S.C. 1252(a)(5) and (b)(9)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-03640-CAS-DFM | Date | July 7, 2026 |
|---|---|---|---|
| Title | Fernando Jimenez Sanchez v. J. Johnson | | |

Section 1252(g) strips this Court of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or *action* by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter." 8 U.S.C. § 1252(g) (emphases added). See Jennings v. Rodriguez, 583 U.S. 281, 294 n.3; Ibarra-Perez v. U.S., 154 F.4th 989, 996 (9th Cir. 2025); Balogun v. Sessions, 330 F. Supp. 3d 1211, 1214 (C.D. Cal. 2018). Therefore, the Court may not review Respondent's decision of whether or when to execute Petitioner's order of removal, which purportedly became administratively final on June 18, 2026 upon BIA's failure to receive Petitioner's timely Notice of Appeal. See Rauda v. Jennings, 55 F.4th 773, 777 (9th Cir. 2022) ("[T]he discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by [§ 1252(g)'s jurisdictional bar].") (emphases in original) (citation omitted).

Similarly, Section 1252(b) provides that judicial review of a final order of removal may not be brought before the district court.[3]

Here, accepting that Petitioner's order of removal became administratively final on June 18, 2026, Petitioner's detention on June 23, 2026 was statutorily authorized pursuant to 8 U.S.C. § 1231(a)(2) for the purpose of executing Petitioner's removal order. See 8 U.S.C. § 1231(a)(1)(B)(i) (authorizing detention of a noncitizen upon the date the order of removal becomes administratively final). Petitioner disputes that his order of removal became administratively final on June 18, 2026, because he alleges that he timely filed a Notice of Appeal on June 13, 2026 and because he did not receive a rejection of that appeal.[4] Pet. at 10. However, this argument is a challenge to Petitioner's purportedly final order of removal and is therefore subject to Section 1252(b)(2)'s claim channeling provision.

This case is distinguishable from others in which a petitioner challenges the lawfulness of his detention while he is subject to *pending* removal proceedings. See, e.g., Padilla v. Bowen, No. 2:25-CV-10780-CAS-SK, 2025 WL 3251368, at *6 (C.D. Cal.

---

[3] Section 1252(b)(2) provides: "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1251(b)(2).

[4] The Court notes that Petitioner provides compelling evidence that he did, in fact, timely pay the appeal fee and properly resubmit a Notice of Appeal by certified mail received on June 13, 2026. See Jimenez-Sanchez Decl. Ex. D, Ex. E.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-03640-CAS-DFM | | Date | July 7, 2026 |
|----------|------------------------|---|------|--------------|
| Title | Fernando Jimenez Sanchez v. J. Johnson | | | |

Nov. 21, 2025). This case is also distinguishable from those in which a petitioner is subject to a final order of removal but challenges the lawfulness of his detention based on the grounds that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. 678, 701 (2001). By contrast, here, Petitioner does not challenge the lawfulness of his detention but rather the execution of his administratively final—albeit disputed—removal order. Accordingly, the Court appears to lack habeas corpus jurisdiction to hear Petitioner's claims. See 28 U.S.C. § 2241.

Petitioner may be able to timely petition the Ninth Circuit Court of Appeals to review his order of removal pursuant to 8 U.S.C. § 1252(b). See Riley v. Bondi, 606 U.S. 259, 263 (2025) (holding that while § 1252's 30-day filing rule is not jurisdictional, it is triggered upon issuance of a "final administrative review order" directing a petitioner's removal). Petitioner may also attempt to collaterally attack his removal order under § 1252(a)(2)(D) before the Ninth Circuit. See Vega-Anguiano v. Barr, 982 F.3d 542, 547 (9th Cir. 2019). Nonetheless, on the current record, this Court appears to lack jurisdiction to review the government's present detention of Petitioner to execute an administratively final order of removal.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Petitioner shall show cause in writing not later than July 20, 2026, why his petition for a writ of habeas corpus should not be dismissed for lack of subject matter jurisdiction;

2. Pending the Court's determination of its jurisdiction over the present petition for a writ of habeas corpus, Petitioner shall not be removed from the Central District of California.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |